O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02404 AHM (CWx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | PLACIDO CARILLO, et al. v. CITIMORTGAGE, INC., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

## I. INTRODUCTION

Plaintiffs Placido and Jocelyn Carillo filed a complaint against Defendants Citimortgage, Inc. ("CITI"), Verdugo Trustee Service Corporation ("Verdugo"), and Does 1 through 10 on April 7, 2009. Compl. ¶ 1. Plaintiffs bring five claims arising from a mortgage loan executed on September 13, 2006.[1] Compl. ¶ 14. Plaintiffs list sixteen documents that were "not lawfully provided" to Plaintiffs during the loan transaction. Compl. ¶ 21. These sixteen documents, which include the Good Faith Estimate, Promissory Note, HUD Brochures, appear to encompass every single possible document that could be given to a borrower. In their claim under the Truth in Lending Act, they allege that Defendants "fail[ed] to provide *material* disclosures correctly as described above." *Id.* ¶ 32. They then allege that "[t]he documents not provided" violated the Truth In Lending Act ("TILA") by "failing to provide all required disclosures . . . failing to make the required disclosures 'clearly and conspicuously" in writing. . . failing to reflect the legal obligation in effect . . . failing] to provide effectively the number of Notice of Right to Cancel . . . [and] failing to accurately and effectively disclose the TILA Disclosure Statement," and they cite to corresponding provisions of TILA and Regulation Z. Compl. ¶ 41.

Plaintiffs allege that CITI is a "servicer" of the loan for purposes of the Real Estate Settlement Procedures Act and a "debt collector" under the Fair Debt Collection Practices

---

[1]The Court takes judicial notice of the Deed of Trust used to secure this loan, which classifies CITI as the "Lender" and Verdugo as the "Trustee." (Def.'s Ex. 1.)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02404 AHM (CWx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | PLACIDO CARILLO, et al. v. CITIMORTGAGE, INC., et al. | | |

Act ("FDCPA"), 15 U.S.C. § 1692a(6). Compl. ¶ 6. Plaintiffs allege that CITI is "engaged in the business of collecting debts . . . and whose purpose is the collection of debts," *id.*, parroting the language of the FDCPA.

CITI moves to dismiss all claims. Plaintiffs oppose the motion. The Court GRANTS the motion and dismisses all Plaintiff's claims with leave to amend, except the third claim, which is dismissed with prejudice.

## II. LEGAL STANDARD

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Thus, if the complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed. *Haddock v. Bd. of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" . . . While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . ., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

"Two working principles underlie . . . *Twombly*." *Ashcroft v. Iqbal* __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "First, the tenet that a court must accept as true all allegations

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02404 AHM (CWx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | PLACIDO CARILLO, et al. v. CITIMORTGAGE, INC., et al. | | |

contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1949-50. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Id.* at 1949. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). Furthermore, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Wright & Miller, *Fed. Prac. & Pro.* § 1363 (3d ed. 2004).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02404 AHM (CWx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | PLACIDO CARILLO, et al. v. CITIMORTGAGE, INC., et al. | | |

### III. ANALYSIS

#### A. Claim 1: Plaintiff's Claim for Rescission under TILA and Regulation Z Is Dismissed with Leave to Amend For Deficient Pleading.

CITI argues that Plaintiffs' sole basis for rescission, the allegation that Defendants failed to make "material disclosures," Compl. ¶ 32, is unsupported because Plaintiffs did not specify what "material" disclosures CITI failed to make. They only listed sixteen documents, Compl. ¶ 21, many of which are not "material" under 15 U.S.C. § 1602(u). Compl. ¶ 23.[2]

Plaintiffs' opposition ignores CITI's argument. Instead, they introduce new allegations that are not in the complaint. They contend that they paid fees that were "unconnected to any services performed"; that Defendants failed to produce the original promissory note upon Plaintiffs' request on March 12, 2009; and that Defendants failed to respond to Plaintiffs' offer to tender. Plaintiffs provide five exhibits to support these new arguments. The Court will not take judicial notice of Plaintiffs' exhibits, because the contents of the exhibits are not alleged in the complaint and the complaint does not appear to necessarily rely on them.

If Plaintiffs' new arguments and facts support liability under TILA, Plaintiff should include them in an amended complaint. The Court DISMISSES claim one with leave to amend.

#### B. Claim 2: Plaintiffs Allege No Facts Supporting a TILA Damages Claim

As with the first claim under TILA, this claim fails to specify what documents or information were not disclosed in violation of TILA. *See* Compl. ¶ 41 (alleging that

---

[2]TILA defines "material disclosures" as "the disclosure, as required by this subchapter, of the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and the disclosures required by section 1639(a) of this title." 15 U.S.C. § 1602(u).

Case 2:09-cv-02404-AHM-CW Document 15 Filed 09/30/09 Page 5 of 8 Page ID #:124

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02404 AHM (CWx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | PLACIDO CARILLO, et al. v. CITIMORTGAGE, INC., et al. | | |

unspecified "documents [were] not provided" and Defendants "fail[ed] to provide all required disclosures" in violation of a number of statutory and regulatory provisions). The claim is comprised only of labels and conclusions drawn from the language of various TILA provisions.

Moreover, as CITI contends, Plaintiffs' damages claim is time-barred because Plaintiffs filed this action more than one year after their loan closed in September 2006. Compl. ¶ 14. Plaintiffs' sole response is that the statute should be equitably tolled. TILA's statute of limitations, 15 U.S.C. section 1640(e), is subject to equitable tolling until a plaintiff borrower has reasonable opportunity to discover facts that give rise to the borrower's TILA claim. *See King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986). The complaint fails to state what information Plaintiffs did not receive and the opposition provides no additional facts to render it plausible that, for years, Plaintiffs could not have known that something was missing in the information they received (especially if it is true that none of the sixteen documents listed in paragraph 21 was provided).

CITI also argues that Plaintiffs cannot state a cause of action under TILA's recoupment exception. The one year statute of limitations does not apply to recoupment or set-off claims that are asserted as a defense to an "action to collect debt." 15 U.S.C. § 1640(e). In paragraph 11 of the Complaint, Plaintiffs purport to assert recoupment defensively in response to a non-judicial foreclosure proceeding. A foreclosure action is not an "action to collect debt" within the meaning of the recoupment exception. Plaintiff's affirmative use of the recoupment claim is improper and exceeds the scope of the TILA exception. Accordingly, the Court grants the motion to dismiss claim two, with leave to amend only if (subject to possible Rule 11 sanctions) plaintiffs can in good faith allege facts entitling them to equitable tolling.

    **C.**    **Claim 3: Plaintiffs' Allegation that CITI is a Debt Collector Covered by the FDCPA Is Conclusory and Cannot Be Alleged in Good Faith.**

CITI contends that it is not a "debt collector" under the meaning of the FDCPA, 15 U.S.C. § 1692a. Plaintiffs do not address CITI's argument and instead merely assert that CITI engaged in conduct that violated the FDCPA.

The Ninth Circuit does not appear to have ruled on whether a loan servicer is a

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02404 AHM (CWx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | PLACIDO CARILLO, et al. v. CITIMORTGAGE, INC., et al. | | |

debt collector under the FDCPA. Federal district courts in California have relied on *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *mod. on other grounds*, 761 F.2d 237 (5th Cir. 1985), which held that "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *See, e.g., Gentsch v. Ownit Mortg. Solutions Inc.*, 2009 WL 1390843 *7 (E.D. Cal. May 14, 2009) (citing *Perry* and holding that plaintiff failed to state an FDCPA claim because "foreclosure by the trustee is not . . . an attempt to collect funds from the debtor"); *Pineda v. Saxon Mortg. Servs., Inc.*, 2008 WL 5187813 *3 (C.D. Cal., Dec. 10, 2008) (Selna, J.).

The Deed of Trust used to secure Plaintiffs' loan describes CITI as the "Lender." (Def.'s Ex. 1.) CITI was the originator of the loan, meaning it is not a debt collector within the meaning of the FDCPA. This claim is dismissed with prejudice.

### D. Claim 4: Plaintiffs' UCL Claim Fails For Lack of Adequately Pled Predicate Violations.

CITI argues that Plaintiffs' claim under the California Business and Professions Code section 17200 ("UCL") fails because Plaintiffs have failed to adequately plead any predicate claims and that the UCL claim is preempted by federal law pursuant to the holding of *Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001 (9th Cir. 2008).[3] Plaintiffs do not oppose the arguments directed at the UCL claim. Thus, dismissal is appropriate as per Local Rule 7-12.[4]

---

[3] CITI cites only the district court's decision, *Silvas v. E*Trade Mortgage Corp.*, 421 F. Supp. 2d 1315 (S.D. Cal. 2006). That court's holding regarding preemption was affirmed by the Ninth Circuit. *See Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1006 (9th Cir. 2008).

[4] Local Rule 7-12 states: "The Court may decline to consider any memorandum or other paper not filed within the deadline set by order or local rule. The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02404 AHM (CWx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | PLACIDO CARILLO, et al. v. CITIMORTGAGE, INC., et al. | | |

"[T]he unfair competition law 'borrows' from other laws, treating violations of those laws as unlawful practices independently actionable . . . ." *Rothschild v. Tyco Internat. (US), Inc.*, 83 Cal. App. 4th 488, 493-94 (2000). Because Plaintiffs' UCL claim is based on alleged violations of TILA or FDCPA, their UCL claims fails for insufficient pleading as well.

As for CITI's preemption argument, CITI has not established that *Silvas* applies here. Relying on 12 C.F.R. § 560.2(b), a regulation promulgated pursuant to the Home Owners' Loan Act of 1933, the Ninth Circuit has held that state law claims premised upon certain violations of TILA and asserted against defendants regulated by the Office of Thrift Supervision ("OTS") are completely preempted by HOLA.[5] *See Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1006 (9th Cir. 2008). Like in *Silvas*, Plaintiffs' UCL claim is based on Defendants' failure to disclose information and fees about a home loan. *See id.* at 1006; Compl. ¶ 52, 57. The Ninth Circuit held that these types of claims are specifically addressed by 12 C.F.R. § 560.2(b), and thus are preempted. *See id.*

However, *Silvas* is distinguishable from the present case. In *Silvas*, the plaintiffs did not contest the defendant's assertion that it was a federal thrift subject to HOLA and OTS regulation, and the Ninth Circuit treated E*Trade as such. *Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1006 n. 2 (9th Cir. 2008); *see also Silvas v. E*Trade Mortgage Corp.*, 421 F. Supp. 2d 1315, 1318 n. 1 (S.D. Cal. 2006) (noting that the plaintiffs do not contest E*Trade's assertion that it is a thrift); Def. E*Trade Mortgage Corp.'s Mot, Jan. 8, 2006. To Dismiss at 1 (asserting that it is a thrift). Here, CITI has not even asserted that it is a thrift and the Court is unable to ascertain whether it is subject to HOLA and OTS regulation. Thus, the Court lacks the factual basis to conclude that Plaintiffs' UCL claim is preempted by HOLA.

Because Plaintiffs may be able to amend their complaint to state a viable TILA claim, the Court dismisses the UCL claim with leave to amend.

---

[5] 12 C.F.R. § 560.2(b) lists specific types of state laws that are preempted, including "state laws purporting to impose requirements regarding . . . [l]oan-related fees . . . [and] [d]isclosure and advertising, including laws requiring . . . information . . . to be included in . . . credit contracts, or other credit-related documents . . . ."

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-02404 AHM (CWx) | Date | September 30, 2009 |
|---|---|---|---|
| Title | PLACIDO CARILLO, et al. v. CITIMORTGAGE, INC., et al. | | |

**E.     Claim 5: Plaintiffs Have Failed to Verify Their Complaint and to Give a Legal Description of the Property.**

In a quiet title action, California Code of Civil Procedure section 761.020 requires a verified complaint and a legal description of the title.  "A party ordinarily verifies a pleading by swearing to the truth of the matters alleged in a pleading."  Eileen C. Moore & Michael Paul Thomas, California Civil Practice Procedure § 7:10 (2009).  CITI correctly observes that Plaintiffs have not verified their complaint and have only listed the address of the property, not a legal description.  Compl. ¶ 2.  Furthermore, Plaintiffs have failed to clearly allege the facts on which they base their quiet title claim.  Thus, the Court DISMISSES this claim with leave to amend.

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion to dismiss the complaint.  Claims one, two, four and five are dismissed with leave to amend.  Claim three is dismissed without leave to amend because it is not possible for Plaintiffs to allege in good faith that CITI is a debt collector within the meaning of the FDCPA.

Any amended complaint shall be filed by not later than October 21, 2009.

|   | : |   |
|---|---|---|
| Initials of Preparer | SMO | |