O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2404 AHM (CWx) | Date | December 2, 2009 |
|---|---|---|---|
| Title | PLACIDO CARILLO, et al. v. CITIMORTGAGE, INC., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**        IN CHAMBERS (No Proceedings Held)

    Plaintiffs Placido and Jocelyn Carillo filed suit against Defendants Citimortgage, Inc. ("CITI"), Verdugo Trustee Service Corporation ("Verdugo"), and Does 1 through 10 on April 7, 2009, alleging causes of action in connection with a home mortgage transaction.  The Court granted CITI's motion to dismiss on September 30, 2009.  Plaintiffs filed their First Amended Complaint ("FAC") on October 21, 2009, alleging five causes of action against Defendants.  On November 6, 2009, CITI and Verdugo moved to dismiss certain of the claims in the FAC for failure to state a claim under Fed. R. Civ. P. 12(b)(6)—namely the claim for damages under the Truth in Lending Act ("TILA"), the claim under the Real Estate Settlement Procedures Act ("RESPA"), and the claim under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.  For the following reasons, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion.[1]

### A.    Claim Two: TILA Damages

    Defendants move to dismiss Plaintiffs' claims for damages under TILA on the ground that they are time-barred.  The statute of limitations for damages under TILA is one year from the date of the consummation of the transaction.  15 U.S.C. § 1640(e).  Here, the transaction was completed on September 13, 2006, FAC ¶ 14, and Plaintiffs did not bring suit until April 7, 2009.  Although "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or

---

    [1]Docket No. 17.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2404 AHM (CWx) | Date | December 2, 2009 |
|---|---|---|---|
| Title | PLACIDO CARILLO, et al. v. CITIMORTGAGE, INC., et al. | | |

had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action," *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986), Plaintiffs have alleged no facts that would warrant equitable tolling, despite having been granted leave to amend to do so. Plaintiffs assert that equitable tolling should apply because the violations came to their attention only after they consulted with their counsel, FAC ¶¶ 73-74, but tolling on this basis would render the statute of limitations meaningless. Thus, the Court grants Defendants' motion to dismiss the TILA damages claim with prejudice.

      **B.**      **Claim Three: RESPA**

Defendants likewise move to dismiss Plaintiffs' RESPA claims on the ground that they are time-barred under 12 U.S.C. § 2614. Section 2614 explains that private party actions under RESPA are governed by two different statutes of limitations. Claims under 12 U.S.C. §§ 2607 and 2608 must be brought within one year of the alleged violation. 12 U.S.C. § 2614. Claims under 12 U.S.C. § 2605, in contrast, must be brought within three years of the violation. 12 U.S.C. § 2614.

Thus, Plaintiffs' claims under section 2607 are barred by the statute of limitations, as the violations took place on or around September 13, 2006, and suit was not brought until April 7, 2009. FAC ¶¶ 14, 27-29, 77-81, 84. Equitable tolling of the section 2607 claims would be inappropriate for the same reasons that apply to the TILA claims. However, Plaintiffs' claims under section 2605 are not barred by the statute of limitations, as these claims were brought within three years of the alleged violation. FAC ¶¶ 39-40, 82-83.

Thus, the Court grants Defendants' motion to dismiss the portion of Plaintiffs' RESPA claim brought under 12 U.S.C. § 2607, without leave to amend. The Court denies Defendants' motion to dismiss the portion of Plaintiffs' RESPA claim brought under 12 U.S.C. § 2605.

      **C.**      **Claim 4: California's Unfair Competition Law**

Plaintiffs' claim under the UCL is based on a number of different grounds, including underlying violations of TILA, FAC ¶ 103, unfair business practices that

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2404 AHM (CWx) | Date | December 2, 2009 |
|---|---|---|---|
| Title | PLACIDO CARILLO, et al. v. CITIMORTGAGE, INC., et al. | | |

offend public policy, FAC ¶ 104, and possibly the underlying violation of certain provisions of the California Civil Code concerning mortgage transactions, FAC ¶¶ 94-97. Defendants challenge only the portion of the UCL claim based on the violations of California Civil Code. Motion at 5-6. Thus, the remaining portions of the UCL claim survive the motion to dismiss.

With respect to the portions of the UCL claim that may be based upon Cal. Civ. Code §§ 1916.7 & 1918.5-1921, Defendants assert that this portion of the claim is preempted by the Alternative Mortgage Transactions Parity Act ("AMPTA"), 12 U.S.C. §§ 3801, *et seq.* Plaintiffs fail to address the preemption argument in their opposition, effectively conceding the point. Opp'n at 6-7. Accordingly, the UCL claim is dismissed to the extent it is based upon Cal. Civ. Code §§ 1916.7 & 1918.5-1921, but as discussed above, the remaining portions of the claim survive.

### D. Conclusion

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss Plaintiffs' First Amended Complaint. In particular, the Court dismisses with prejudice the TILA damages claim (number two), the portion of the RESPA claim (number three) based upon 12 U.S.C. § 2607, and the portion of the UCL claim (number four) that is predicated upon violations of Cal. Civ. Code §§ 1916.7 & 1918.5-1921. The Court denies the motion to dismiss the portion of the RESPA claim based upon 12 U.S.C. § 2605 and all portions of the UCL claim not based upon the violation of these provisions of the California Civil Code.

By not later than December 14, 2009, Plaintiffs shall file a Second Amended Complaint—which will be their final complaint—that is consistent with this Order. Specifically, Plaintiffs may not add new allegations and must delete those allegations that have now been dismissed.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

_____ : _____

Initials of Preparer      se

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2404 AHM (CWx) | Date | December 2, 2009 |
|---|---|---|---|
| Title | PLACIDO CARILLO, et al. v. CITIMORTGAGE, INC., et al. | | |